SO ORDERED: November 17, 2006.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOE MILTON PARSONS | ) | CASE NO. 05-00321-AJM-7A |
| KATHY DARLENE PARSONS | ) | |
| | ) | |
| Debtors | ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER
SUBJECT TO APPLICATION OF THE LOWEST INTERMEDIATE BALANCE RULE**

The Debtors filed their chapter 13 case on January 7, 2005 (the "Petition Date") and as of the Petition Date, they had $2209.31 (the "Petition Date Funds") on deposit in their bank account. All income earned by the Debtors *after* the Petition Date was deposited into the same account that held the Petition Date Funds. The Debtors' chapter 13 case was converted to a case under chapter 7 on November 11, 2005 (the "Conversion Date") and Paul D. Gresk was appointed the chapter 7 trustee (the "Trustee"). As of the Conversion Date, the Debtors had "approximately $2,000" on

1

deposit.  The Debtors have alleged that, between the Petition Date and the Conversion Date, the Debtors' bank account that held the Petition Date Funds and the post petition income was overdrawn on at least one occasion.  The Trustee has moved for turnover of the value of the Petition Date Funds to which the Debtors have objected.

On September 7, 2006, the Court heard argument on the Trustee's Motion.  At the conclusion of that hearing, the Court took ruling of that matter under advisement and, at the request of the parties, set deadlines by which briefs were to be filed.  The Debtors and the Trustee filed their briefs on October 9th and October 12th respectively.  The Court now makes its findings and conclusions with respect to the Trustee's Motion, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## *Discussion*

### *"Property of the Estate" in a Chapter 7*

"Property of the estate" is broadly defined in §541 to include all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held.  The focus of chapter 7 trustees lies with collecting and liquidating the debtor's property interests held as of the petition date.  Funds on deposit in a debtor's checking account on the petition date that are not otherwise exempt are property of the bankruptcy estate.  See, *In re Dybalski,* 316 B.R. 312 (Bankr. S. D. Ind. 2004).  This is true even if checks had been written against the funds pre petition but didn't clear until after the commencement of the case.  Since the funds remain under the debtor's control until the checks clear, the"transfer" that occurs upon clearance of the check is a post petition transfer, subject to avoidance by the trustee.  The trustee under such circumstances can also proceed directly against the debtors under §542,

and the funds that were on deposit as of the petition date but no longer in the possession of the debtors as of the date of the trustee's turnover motion are nonetheless property of the estate. The trustee is entitled to recover the *value* of such funds under §542. *Id*. at 315-16.

### *"Property of the Estate" in a Chapter 13 and the Complications Arising Upon Conversion to Chapter 7*

Had this case been filed as a chapter 7 from the start, the inquiry would stop here and the value of the Petition Date Funds would be property of the estate and recoverable by the Trustee. The distinguishing fact, however, if that this case was filed as a chapter 13 case before converting to a chapter 7, and the Code has special provisions that define property of the estate under such circumstances.

In a chapter 13 case, "property of the estate" includes not only that which is enumerated in §541, but in addition under §1306 includes property acquired after the commencement of the case and post petition earnings. Unlike a chapter 7 trustee whose focus is property existing as of and not beyond the petition date, a chapter 13 trustee's focus is prospective and looks to income that is to be earned and to property that is to be acquired during the chapter 13 case and whether it will be sufficient to fund the proposed chapter 13 plan. If the chapter 13 debtor has equity in an asset as of the petition date, the chapter 13 trustee generally will not seize and liquidate the asset unless the debtor cannot pay the value of the equity into the plan. Funds on deposit as of the petition date in a chapter 13, then, rarely merit the attention of the chapter 13 trustee as long as the debtor's proposed plan meets the confirmation requirements of §1325.

Prior to the 1994 amendments to the Bankruptcy Code, courts were split as to whether property of the estate in a chapter 7 case that had been converted from a chapter 13 was determined as of the petition date or as of the conversion date. If the conversion date controlled, then estate property would include property and wages acquired post petition but pre conversion and would have allowed the chapter 7 trustee to recover property that otherwise would not have been estate property had the case initially been filed as a chapter 7. So as to not "penalize" those chapter 7 debtors who first in good faith attempted to repay their creditors in a chapter 13, §348 was amended to provide:

> (f)(1)  Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter of this title --
>
> (A)  property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that *remains* [1] in the possession of or *is* under the control of the debtor on the date of conversion.

(Emphasis added). Thus, property of the estate in a converted case is determined as of the petition date and not the conversion date, [2] and consists of property that was property of the estate on the petition date that has remained in the debtor's possession or control as of the conversion date. *In re John,* – B.R. –, 2006 WL 2927430 (Bankr. N.D. Fla. October 4, 2006). The John court put it succinctly by noting that:

---

[1] The verb "remains" is defined as "all that is left after other parts have been taken away, used up, or destroyed". Webster's II New College Dictionary 937 (1995).

[2] Section 348(f)(1)(2) makes an exception and provides that "property of estate" of the converted case is determined as of the conversion date if the conversion is made in bad faith. The Trustee has not specifically argued he is entitled to turnover under this section.

4

> ....[p]roperty of the estate includes the personal property the Debtors owned at the time of petition if, and only if, such property remained in the possession or control of the Debtors on the date of conversion. To the extent the Property sought by the Trustee is not the same as that listed on the Debtor's schedules (and therefore not the same as the property of the estate on the date the original petition was filed) it is not property of the estate in the converted case.

Id at *7. [3]

The Trustee here does *not* seek turnover of any post petition, pre conversion property. Rather, the Trustee argues that he is entitled to recover the Petition Date Funds or their value. To this end, the Trustee argues that the Petition Date Funds remained "property of the estate" during the pendency of the chapter 13 case since the Debtors' chapter 13 case was never confirmed and the Debtors were required to *retain* them under §1306 through the Conversion Date. This interpretation ignores the realities of the events that transpire between the commencement of the chapter 13 case and its conversion to chapter 7 and leads to an absurd result. Under the Trustee's theory, not only would funds on deposit as of the commencement of the case have to be retained, but post petition funds as well would be have to be retained, since they are estate property, until confirmation, in a chapter 13. If §1306 requires retention of *all* estate property prior to the confirmation of the plan, then the debtors would be put in an awkward position of being prohibited from spending any funds, whether it be from pre petition deposits or from post petition income. Literally, the debtors would be barred from spending any funds for any purpose, until the date of confirmation. Section 348(f)(1)(A) recognizes the absurdity of such interpretation and acknowledges that

---

[3] The John case contains an excellent discussion of what constitutes "property of the estate" under §348(f)(1)(A).

5

there will be a diminution of funds between the petition date and the conversion date. Therefore, it provides that only those petition date funds that remain in the debtor's possession or control as of the conversion date be recoverable by the chapter 7 trustee.

Here, the plain meaning of §348(f)(1)(A) dictates that the Trustee is entitled to that amount of the Petition Date Funds that remained in the Debtors' possession or control as of the Conversion Date which are not otherwise exempt. Since funds earned post petition (and thus, not property of the chapter 7 estate) were commingled with the Petition Date Funds, the Court instructs the Trustee and the Debtors to use the "lowest intermediate balance rule" to determine the amount of recoverable funds. This rule assumes that the Petition Date Funds were drawn upon last, but any post petition funds deposited in the account are not recoverable by the Trustee. As an example, assume $2,000 in non estate funds were commingled with the Petition Date Funds. Assume further that the Debtors withdrew $3,000 post petition but pre conversion. Under the lowest intermediate balance rule, withdrawals made by the Debtors during such period are assumed to first be drawn against the non estate $2,000. The remaining $1,000 in withdrawals is applied to the Petition Date Funds and they are reduced to $1209.31, which is what would be recoverable by the Trustee, less any applicable exemptions. Any post petition funds deposited thereafter would not be recoverable by the Trustee.

The Debtors allege that between the commencement of the case and its conversion, their account was overdrawn. Although application of the lowest intermediate balance rule under such circumstances would mean that the amount recoverable by the Trustee would be zero, this Court will not make a specific finding as

to the amount recoverable by the Trustee until the Trustee has an opportunity to verify if such account was in fact overdrawn between the Petition Date and the Conversion Date. The Court will simply order at this point that the amount to be turned over will be the amount of the Petition Date Funds remaining as of November 11, 2005 after application of the lowest intermediate balance rule, less applicable exemptions, i.e, the lowest amount of funds on deposit between the Petition Date and the Conversion Date, less the amount that could be claimed as exempt. To the extent the parties are unable to arrive at a sum certain subject to turnover, either party may move this Court for such a determination.

Accordingly, the Trustee's Motion is GRANTED to the extent there is a positive balance remaining after application of the lowest intermediate balance rule and allowance of any applicable exemptions.

# # #

Distribution:

Attorney for the Debtors
Chapter 7 Trustee
Attorney for the Chapter 7 Trustee
United States Trustee